JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DECHERI HAFER, | ) | Case No. 2:20-cv-09500-JAK-JDE |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| UNKNOWN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On October 8, 2020, the Court received a document titled "Notice of Motion to Transfer to US District Court Presently Court Has No Jurisdiction of the Subject Matter in Defendant[']s Unlawful Eviction Federal Housing Violation Case P[u]rsuant to (396.B.CCP) (397.CCP) (170.6.CCP)," filed by Decheri Hafer ("Petitioner"), a detainee located in Bakersfield, California, proceeding pro se and without having paid a filing fee, purportedly set for hearing on October 2, 2020 in Department "FP." Decheri Hafer v. Unknown, Case No. 2:20-cv-09500-JAK-JDE (C.D. Cal.) ("Second Action"), Dkt. 1 ("Second Filing").

Two weeks earlier, Petitioner instituted a separate action in this Court, Decheri Hafer v. Unknown, Case No. 2:20-cv-09046-JAK-JDE (C.D. Cal.)

("First Action"), based on a filing titled "Ex Parte Motion to Transfer Case to U.S. District Court" (First Action, Dkt. 1, "First Filing"). Two days before the Court received the Second Filing, the Court transferred the First Action to the United States District Court for the Eastern District of California ("Eastern District"), finding, regardless of how the First Filing was interpreted – whether a request to remove Petitioner's underlying criminal action, an attempt to assert a civil claim, or a habeas petition, venue did not lie in this district and could only possibly lie in the Eastern District. First Action, Dkt. 4 (Order Transferring Action to the Eastern District).

In the Second Filing, Petitioner again seeks to "transfer" her criminal case from a California Superior Court sitting in Bakersfield, California, which is within Kern County, to this Court, raising some, but not all, of the same alleged bases raised in the First Filing, including arguing she has been improperly denied bail on a misdemeanor charge and has been subjected to unlawful eviction, housing discrimination, and retaliation, among other things. Compare Second Filing at 2-3 with First Filing at 1-3, 11.[1]

On October 19, 2020, the Court received two additional documents filed by Petitioner in the Second Action. Dkt. 4 ("Third Filing"), Dkt. 5 ("Fourth Filing"). The Third Filing is entitled, "Ex Parte Notice of Motion for Application for Habeas Corpus (1184 CCP) (1187 CCP) 14th Amendment U.S.C.A. 8th and 2nd Amendment," requests to "refile motion to transfer again, and attach, this, habeas, of corpus to the motion," and purports to set a hearing for October 15, 2020. Third Filing at 1. In the Third Filing, Petitioner maintains she is being unlawfully detained and reiterates that she is being denied reasonable bail. She asserts violations of the First, Second, Eighth, and Fourteenth Amendments as well as a denial of her right to a speedy trial. Id. at

---

[1] Citations are to the page numbers generated by the CM/ECF system.

2

1, 3, 5. She further claims that she was illegally arrested; a bailiff broke her arm during a court proceeding in her criminal case; she has been denied counsel in her criminal case; and she has been denied free phone calls and various items, such as paper, envelopes, soap, and toothpaste. Id. at 2-5. In her Third Filing, Petitioner requests release from jail. Id. at 1.

Petitioner's Fourth Filing is entitled, "Notice of Motion to Transfer to US District Court. Court Has No Juris[d]iction of the Subject Matter in Defendants Unlawful Eviction, Federal Housing Law Violation Case P[u]rsuant to 396.BCCP, 397 CCP 170.6 CCP" and similarly, requests to "refile case number 2:20cv 09046 JAK JDE." Fourth Filing at 1. In the Fourth Filing, Petitioner asserts similar allegations to those previously asserted and seeks an order dismissing her underlying criminal case. See id. at 3. Petitioner claims that "the court has no jurisdiction over the subject matter" in her criminal case because "it is an unlawful eviction case with causes of action that include: discrimination in housing, housing unlawful eviction, housing retaliatory [sic] eviction, grand auto theft, . . . burglary of home, . . . habability [sic]violations, torment, false imprisonment, false arrest, theft, invasion of privacy, false light, [and] (assult [sic] and battery) . . . ." Id. at 4. Petitioner seeks "general damages" for lost wages, medical expenses, pain and suffering, car and property replacement, discrimination, unlawful eviction, unlawful imprisonment, torment while imprisoned, denial of trial, false imprisonment, assault or threatened assault, grand auto theft, denial of right to release, and loss of income from dismissal of Case No. BCV-19-101849. Id. at 8.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Limitations on the court's jurisdiction "must be neither

disregarded nor evaded." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).

There is no statutory or common law basis to "transfer" a criminal case from state court to federal court. For the convenience of parties and witnesses, in the interests of justice, a district court may transfer a civil action from one district to another where it might have been brought or to a district to which all parties have consented. 28 U.S.C. § 1404(a). However, Petitioner does not seek a transfer of a civil case from one district to another but instead seeks to "transfer" a criminal case from state court to federal court. Further, even if Petitioner sought a transfer between districts under Section 1404(a), all parties have not so consented, and, as discussed further below, the action could not have been brought in this district, so such a transfer would not be warranted.

However, reviewing the filings in the Second Action broadly to potentially seek removal of Petitioner's criminal case, 28 U.S.C. §§ 1442 (involving actions commenced in state court against federal agencies or officers), 1442a (involving actions commenced in state court against members of the United States armed forces), and 1443 all provide potential statutory bases to remove a state court criminal proceeding to federal court, although only 28 U.S.C. § 1443 would even arguably apply here. However, even were Section 1443 to apply, it only authorizes removal "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1443. As Kern County falls within the Eastern District, <u>see</u> 28 U.S.C. § 84(b), the Eastern District, not this district, would be the only district to which such removal could be made.

Separately, reviewing the Second Action broadly potentially to assert a civil rights claim, under 28 U.S.C. § 1391(b), proper venue over such an action would properly lie only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a

4

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. Here, the Second Filing does not identify any defendant and all the alleged events or omissions giving rise to any purported claim occurred in Kern County, within the Eastern District. Thus, on the face of the Second Filing, if it is treated as a civil rights action, it could only have been properly brought in the Eastern District.

Lastly, if the Second Action were considered to be a petition for writ of habeas corpus, as asserted in the Third Filing, challenging Petitioner's continued detention, such a Petition may be filed in the district in which the petitioner is presently confined or the district in which the petitioner was convicted and sentenced. See 28 U.S.C. § 2241(d). Here, Petitioner apparently has not been convicted of the charges underlying her current detention, but she is facing prosecution in the Eastern District and is confined in a facility in Eastern District. Thus, venue for a habeas proceeding would only be appropriate in the Eastern District.

Venue may be raised by a court sua sponte where no defendant has filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Under 28 U.S.C. § 1406(a), if venue does not properly lie in this district, then the Court must either dismiss the action, or if it be in the interest of justice, transfer the action to a proper district.

Here, no basis appears for venue in this district. Venue may lie in the Eastern District. However, this Court previously transferred the First Action, which contained similar claims as those raised here. Thus, a second transfer of such claims to the Eastern District would be redundant and not in the interests of justice. As a result, dismissal rather than transfer is appropriate as to the Second Action.

IT THEREFORE IS ORDERED that this Action is DISMISSED without prejudice to Petitioner pursuing relief in the Eastern District. A Judgment of Dismissal shall be entered accordingly.

Dated: October 30, 2020

JOHN A. KRONSTADT
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge